1 | MELINDA HAAG (CABN 132612)
United States Attorney

2

3 | J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

4 | KATHRYN R. HAUN  (DCBN 484131)
Assistant United States Attorney

5

6 |     450 Golden Gate Avenue
San Francisco, California 94102

7 |     Telephone: (415) 436-7200
Facsimile:  (415) 436-7234

8 |     E-Mail: kathryn.haun@usdoj.gov

Attorneys for the United States of America

9



**FILED**

**JUN 2 7 2013**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13 | IN RE SEARCH OF THE CONTENT OF)
GMAIL ACCOUNT,                      )

14 | - and -                                )

15 | IN RE SEARCH OF THE CONTENT OF)
ACCOUNT (707) 682-9145  SERVICED)

16 | BY GOOGLE                         )

**UNITED STATES' MOTION FOR
ORDER TO SHOW CAUSE FOR
NONCOMPLIANCE WITH TWO
FEDERAL COURT ORDERS AND
[PROPOSED] ORDER**



17

18 |       The United States hereby moves the Court for an Order to Show Cause why Google Inc.

19 | should not be held in contempt for its failure to comply with two federal court orders. These

20 | orders were search warrants issued by the Honorable Joseph C. Spero on May 30, 2013, and by

21 | the Honorable Nathanael Cousins on April 30, 2013. These warrants were issued in connection

22 | with an ongoing grand jury investigation into Hobbs Act robbery and use of a firearm causing

23 | murder, and represent the second time Google has failed to comply with court orders in this

24 | matter. The government believes this matter is properly before the District Court for two

25 | independent reasons: it relates directly to a pending grand jury investigation and it involves an

26 | Order to Show Cause.

27 |       The government brings this noncompliance to the Court's attention for at least three

28 | reasons. First, the government anticipates seeking future search warrants for content that Google

maintains, and Google's response to date suggests this is an issue capable of repetition yet

MOT. FOR ORDER TO SHOW CAUSE
AND [PROPOSED] ORDER

evading timely review.  Even had Google fully complied with the search warrants belatedly, if Google had failed to conduct its search within the Court-ordered deadline, new warrants would arguably be required.  See Fed. R. Crim. P. 41(e) (2)(A)-(B) (time for executing warrant is within specified time and specified time shall not exceed 14 days).  Second, Google's non-compliance has prejudiced the grand jury's timely investigation in a murder case.  Third, the government still seeks the information required by both search warrants, and as explained below, has some reason to doubt that Google conducted either search in a manner that would retrieve all responsive documents.  For these reasons, the government requests this Court issue the attached Proposed Order to Show Cause.  Sealing is also requested for the reasons set forth herein.

## I. FACTUAL BACKGROUND

The grand jury is currently investigating a Hobbs Act robbery and murder that occurred on January 18, 2013.  It has heard countless hours of testimony from numerous witnesses that have traveled a relatively long distance to give their testimony.  This grand jury expires **June 27, 2013** after 18 months of service.  The need for timely compliance is heightened in this case where the grand jury cannot be extended, and where the evidence sought will be important to proving the crimes at trial.

## II. APRIL 30, 2013 WARRANT

One telephone number that is a focus of the grand jury's investigation is (707) 682-9145. This number emerged as one of particular importance because it placed and received over a dozen telephone calls and text messages with a phone number associated with the murder suspect in the hours immediately before and after the murder, and over one hundred phone and text communications during the month of the murder.  See Declaration of Special Agent Long ("Long Declaration") (Exhibit 2) ¶1.  The pattern and timing of incoming and outgoing calls and messages between this number and the number associated with the suspect are thus of extreme

significance. Bandwidth[1] informed government agents investigating the case that this number was a number Google serviced. See id. ¶1. Thus, on March 28, 2013, Google was served with a grand jury subpoena for subscriber and toll information associated with (707) 682-9145. Id. ¶2. On April 19, Google emailed that it had no subscriber data. Id. ¶3. Bandwidth re-advised the government that the (707) 682-9145 number was indeed a Google number active through at least April 2013. Id. ¶7.

On April 30, 2013, the Honorable Nathanael Cousins issued a search warrant in Case No. 13-70493-NC for the content -- to include voice mail, text, transactional information of all activity, logs, subscriber information, and incoming and outgoing telephone numbers dialed -- associated with (707) 682-9145. That warrant called for responsive data between January 10, 2013 through April 30, 2013. That warrant is attached as Exhibit 1, and by its terms it gave Google until May 13, 2013 to comply.

By May 13, 2013 the government had received no response of any kind from Google. Federal agents thereafter devoted considerable energy to contacting Google about their noncompliance in an effort to obtain the needed information, but Google was willing to communicate with law enforcement only via a generic email address. See Long Declaration (Exhibit 2) ¶5. Agent efforts to obtain the information the warrant sought were unsuccessful. Then, on May 29, 2013, more than two weeks after the Court-ordered deadline for compliance, and after the period Fed. R. Crim. P. 41(e)(2)(A) prescribes, Google issued a cursory letter stating that it had "no subscriber information for any Google Voice account-holder(s) identified as 7076829145 . . . [and] therefore [no] documents responsive to [the] request." See Exhibit 3.

As noted, this response was over 2 weeks out of time. That alone merits the Court's involvement for the reasons discussed in Section IV, infra. The government also has reason to

---

[1]Google is a wholesale customer of Bandwidth. Google obtains numbers from Bandwidth for Google's use and assignment to end users of Google Voice. Google is therefore a customer of Bandwidth. Google assigns Bandwidth numbers to their own customers/users and this is why any and all end user/number utilization information must be obtained from Google. See Long Declaration (Exhibit 2) ¶1.

1  believe that this belated response is incomplete. Google's response concludes that because it has
2  found "no subscriber information" for the (707) 682-9145 number, "therefore, it has no
3  documents responsive to [the] request." See Exhibit 3. But it does not follow that having no
4  subscriber data means no other category of information that the search warrant sought exists. For
5  example, the warrant would have captured any number to which the Google-voice number
6  forwarded. This is not subscriber data but it would be responsive. Moreover, Bandwidth has
7  advised the government that (707) 682-9145 was active and in use during the January through
8  April 2013 timeframe, and surmised that it did not seem possible that Google had absolutely no
9  information responsive to the warrant. See Long Declaration (Exhibit 2) ¶7. Bandwidth based
10 its assessment on its own Call Detail Records showing the (707) 682-9145 number had both
11 incoming and outgoing calls during the relevant timeframe. Id. Given Google's noncompliance
12 by the deadline the Court set, the fact that Google equated having no subscriber data to having no
13 responsive data at all, and given Bandwidth's information, the government submits there is cause
14 to believe Google did not comply with the April 30, 2013 warrant.

## III. MAY 30, 2013 WARRANT

17 The suspect and putative defendant is believed to have gone to a key witness's home in
18 the immediate aftermath of the murder. That witness originally withheld from the government
19 physical evidence belonging to the defendant in the form of a firearm magazine. She has been
20 the subject of numerous federal search warrants, including for the contents of her Facebook
21 account, her Metro PCS phone account, her physical phone and her home. All of these third-
22 party entities timely complied with those search warrants. This witness testified before the grand
23 jury in April 2013. It was later discovered that she had been untruthful in certain aspects of her
24 testimony and therefore, pursuant to 18 U.S.C. § 1623(d), she sought to testify again about her
25 prior obstruction.

26 Because of this individual's importance as a witness, the government and grand jury had
27 a clear interest in obtaining her email communications. Her earlier obstruction before the grand
28 jury only bolstered that interest, in part to ascertain whether she was coming "fully clean" with

MOT. FOR ORDER TO SHOW CAUSE
AND [PROPOSED] ORDER                    4

1   the grand jury in her subsequent testimony.

2         On May 30, 2013, the Honorable Joseph C. Spero issued a search warrant in Case No. 13-
3   70614-JCS for content and related information from the witness's Google-serviced gmail
4   account for the period between January 1, 2013 through May 30, 2013. That warrant is attached
5   as Exhibit 4. The Court gave Google until June 10, 2013 to comply with the warrant. See
6   Exhibit 4 at pg 1 ("execute the warrant on or before June 10, 2013"). Nor was this a date chosen
7   at random: The witness for whom the content was sought was scheduled to testify before the
8   grand jury again on June 13, 2013. Thus, the content was necessary to prepare for that witness's
9   examination.[2]

10       Given Google's prior noncompliance in this investigation with the April 30 warrant, the
11   government included a cover letter with the May 30 warrant stressing that the deadline for
12   compliance was June 10, 2013. See Exhibit 5 (noting warrant was a "court order requiring
13   Google's compliance on or before June 10, 2013" and further noting the "last court order in this
14   investigation that was served upon Google was not timely complied with.").

15       As of June 12, 2013, Google had not complied with the second Court Order. As with the
16   prior warrant, the government received no documents and no response of any kind from Google.
17   With time of the essence before the witness's scheduled June 13 appearance, the government sent
18   a letter by email and facsimile with an "urgent" subject heading to the supervisors of the U.S.
19   Law Enforcement department and to the Director of Operations and Legal Support department.
20   See Exhibit 6 ("This letter is to advise you of Google's non-compliance with two federal Court
21   Orders."); see also Exhibit 2 ¶13. This letter attached copies of the prior search warrants,
22   stressed the time-sensitivity, and sought to avoid unnecessarily involving the Court.

23       That evening, Google responded to the government with a voicemail message from a
24   blocked number essentially stating the government's request was in a queue and that Google
25   normally handles these requests in the order in which they are received, but that they would
26   expedite the request and provide documents by Friday (after the witness testified June 13). See

27

28     [2]This window would have provided law enforcement with approximately 3 days in which
to review the witness's email contents before she testified on June 13, 2013.

1  Long Declaration (Exhibit 2) ¶14. By email, the government responded that the voicemail did
2  not fully address the government's concerns and requested further followup. See id. at ¶15. No
3  such followup was received and Google did not reply. Id.

4  On June 14, the government received a CD from Google, yet this CD contained no email
5  content and none of the other content the warrant sought. See Long Declaration (Exhibit 2) ¶16.

6  Once again, Google's reply was untimely under both the Court's Order and Fed. R. Crim.
7  P. 41(e)(2)(A). This untimeliness mattered. During the witness's June 13 grand jury testimony,
8  neither the grand jury nor the government had the benefit of her email content.³ Aside from this
9  untimeliness, the government has some doubt that Google conducted an adequate search to
10  provide the content the warrant sought. This is based on the government's belief that the
11  witness's email account was in use during the relevant timeframe, including in May 2013, see
12  Long Declaration (Exhibit 2) ¶9, and based on the fact that the CD Google did provide shows
13  that someone accessed this gmail account over 100 times during the relevant timeframe,
14  therefore suggesting it was in use and content should be available.

15  Given Google's noncompliance by the deadline the Court set, given that it provided no
16  email content at all in its belated reply, and given the government's information the email
17  account was in use, the government submits there is cause to believe Google did not comply with
18  the May 30, 2013 warrant.

19

20  **IV. NONCOMPLIANCE AT ISSUE HERE MERITS COURT INVOLVEMENT**

21  This Motion warrants the Court's involvement for several reasons. Google's
22  noncompliance has prejudiced the grand jury's investigation into serious and violent crimes.
23  Law enforcement has devoted considerable time, without success, to attempting to secure
24  Google's compliance. The fact that the grand jury investigating these crimes expires this week
25  exacerbates this problem.⁴ Moreover, it is an affront to the judicial system itself that court orders

26  ───────────────

27  ³Nor can the witness simply be called back before the grand jury given its expiration. In any
event, the government still does not have the content sought in the search warrant.

28  ⁴The government still intends to seek an Indictment in the case.

MOT. FOR ORDER TO SHOW CAUSE
AND [PROPOSED] ORDER                6

1   containing prescribed deadlines appear to have gone ignored. That conduct should be deterred,

2   for if entities know that they can simply ignore search warrants and nothing will happen, they

3   will have no incentive to comply. If every manner of court order is placed into a generic queue

4   and the timeframe expires, all the better for the noncompliant party. The fact that these warrants

5   sought electronic information from a company that stores the information should be treated no

6   differently than had the government obtained a search warrant for a third party's residence and

7   that third party prevented agents' full and timely execution of the warrant.

8        A charitable view of Google's response is that they are treating all government requests in

9   a single category without differentiating between government requests, grand jury subpoenas, 18

10  U.S.C. § 2703(d) orders, and search warrants. Although some of the former categories are also

11  court orders, search warrants are of a different character and often the information sought is of a

12  more exigent nature. If a particular set of documents a grand jury subpoena seeks are not

13  provided by the return date, that may prejudice an investigation. And the government may still

14  use those documents. But here, failure to conduct the search within the timeframe the Court and

15  Fed. R. Crim. P. 41(e)(2)(A) specifies actually renders the warrant invalid and any content

16  stemming therefrom subject to challenge. The government would be required to obtain a new

17  search warrant, thereby consuming additional judicial resources. And even if a new warrant were

18  obtained, that warrant would presumably go back into the described "queue" with the risk that

19  the timeframe would elapse again. This is a never ending cycle and is an issue capable of

20  repetition.

21                                    **CONCLUSION**

22       Google's response in this case – or lack thereof – suggests it has not complied with two

23  separate federal court orders. The government's experience in this case is apparently not unique

24  to this investigation. See Exhibit 2 ¶17. The government therefore respectfully requests the

25  Court issue the attached Proposed Order to Show Cause to ensure compliance in this case, as

26  well as to ensure timely compliance with future search warrants.

27                                **REQUEST FOR SEALING**

28       It is requested that this Motion and the Proposed Order be filed under seal given that the May

MOT. FOR ORDER TO SHOW CAUSE
AND [PROPOSED] ORDER                    7

30 warrant itself is sealed and given that it discusses an ongoing grand jury investigation. The government requests permission to provide a copy of this Motion and Proposed Order to the investigative agents in this matter and to appropriate individuals at Google. If and when the need for sealing expires, the government will file an appropriate Order with the Court.

DATED: June 26, 2013                    Respectfully Submitted,

                                        MELINDA HAAG
                                        United States Attorney



                                        KATHRYN R. HAUN
                                        Assistant United States Attorney

1

## [PROPOSED] ORDER TO SHOW CAUSE

2   Based upon the motion of the government for an Order to Show Cause, IT IS HEREBY

3   ORDERED that Google, Inc. shall show cause why it should not be held in contempt for what the

4   government alleges was a failure to timely comply with the two federal search warrants issued in this

5   case. In its reply, Google shall address the following:

6   (1) The government's allegation it failed to timely comply with the April 30, 2013 warrant by May

7   10, 2013;

8   (2) The government's allegation it failed to timely comply with the May 30, 2013 warrant by June

9   10, 2013;

10   (3) What steps will be taken to ensure future timely compliance with federal search warrants within

11   the periods those warrants prescribe and as Fed. R. Crim. P. 41(e)(2)(a) directs;

12   (4) What steps Google has taken or will take to ascertain whether there is information responsive to

13   the April 30, 2013 warrant in light of the information contained in the government's motion that the

14   (707) 682-9145 account was active until April 2013 and Google was served with a subpoena for

15   certain information in March 2013; and

16   (5) What steps Google has taken or will take to ascertain whether there is information responsive to

17   the May 30, 2013 warrant in light of the information contained in the government's motion that the

18   email account was active during the relevant timeframe yet the government has received no email

19   content.

20   IT IS FURTHER ORDERED that Google shall file any response by _____ and

21   serve it upon the government at the address listed in the government's instant Motion.

22   IT IS FURTHER ORDERED that the government's Motion for the Order to Show Cause and

23   the instant [Proposed] Order are to be filed and maintained under seal until further order of the Court

24   but that the government may share these documents with investigative agents and with Google

25   personnel and its representatives. The government shall, forthwith, cause a copy of this [Proposed]

26   Order to be served on Google by electronic mail, facsimile, and U.S. mail at its addresses and contact

27   information of record.

28   DATED: _____

HON. RICHARD SEEBORG
United States District Judge

MOT. FOR ORDER TO SHOW CAUSE
AND [PROPOSED] ORDER                              9

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

The content as described in Attachments [A5]-[B] for the
account assoc w/phone number (707)682-9145;
Bandwith or Google or other service provider

$MAG$

Case No. 1 3 7 0 4 9 3

$NC$

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ Northern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:
The content further described in Attachments [A5]-[B].

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the
property to be seized)*:
The content further described in Attachments [A5]-[B].

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ $May$ 13 2 c 13
*(not to exceed 10 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.  ☑ at any time in the day or night as I find reasonable cause has been
established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property
taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
SF Duy
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay
of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be
searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 4/30/2013 4:32 p.m. _____ _____ _____
_____ _____ _____ *Judge's signature*

City and state: San Francisco, CA _____ _____ Honorable Nathanael Cousins
*Printed name and title*

## ATTACHMENT A-5

This warrant applies to information associated with the following number:

- (707) 682-9145 (SUBJECT CELLPHONE 7/Unk. Subscriber)

that is stored at premises owned, maintained, controlled, or operated by Bandwith, a wireless provider headquartered at 900 Main Campus Drive, Venture III -- 5th Floor, Raleigh, North Carolina, 27606; or Google Voice, a wireless provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043 and any other cellular telephone company deemed to have serviced these accounts for the relevant timeframe.

## ATTACHMENT B

### PARTICULAR ITEMS TO BE SEARCHED AND SEIZED

I. **Information to be disclosed by Cellular Telephone Companies: Verizon Wireless, US Cellular, Metro PCS, TracFone, Bandwith, Google Voice, and any other cellular telephone company deemed to have serviced these accounts for the relevant timeframe of January 10, 2013 to April 30, 2013:**

To the extent that the information described in Attachment A1- A-5 is within the possession, custody, or control of the Cellular Telephone Companies, including any messages, records, files, logs, or information that have been deleted but are still available to the Cellular Telephone Companies or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Cellular Telephone Companies are required to disclose the following information to the government for each account or identifier listed in Attachments A1-A5:

a. All voice mail, text, and multimedia messages stored and presently contained in, or on behalf of the account or identifier;

b. All existing printouts from original storage of all of the text messages described above;

c. All transactional information of all activity of the telephones and/or voicemail accounts described above, including log files, messaging logs, local and long distance telephone connection records, records of session times and durations, dates and times of connecting, methods of connecting, telephone numbers associated with outgoing and incoming calls, cell towers used, and/or locations used by **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30, 2013;

d.      All text messaging logs, including date and time of messages, and identification numbers associated with the handsets sending and receiving the message;

e.      All business records and subscriber information, in any form kept, pertaining to the individual accounts and/or identifiers described above, including subscribers' full names, addresses, shipping addresses, date account was opened, length of service, the types of service utilized, ESN (Electronic Serial Number) or other unique identifier for the wireless device associated with the account, Social Security number, date of birth, telephone numbers, and other identifiers associated with the account;

f.      Detailed billing records, showing all billable calls including outgoing digits on **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30, 2013;

g.      All payment information, including dates and times of payments and means and source of payment (including any credit or bank account number), **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30, 2013;

h.      Incoming and outgoing telephone numbers, **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30, 2013;

i.      All records indicating the services available to subscribers of individual accounts and/or identifiers described above;

j.      All records pertaining to communications between Cellular Telephone Companies and any person regarding the account or identifier, including contacts with support services and records of actions taken;

k.     All records indicating GPS coordinates, and/or specific latitude and longitude
information.

## II. Information to be Searched and Seized by the Government

All information described above in Section I that constitute fruits, evidence of causing the death
of a person through the use of a firearm, in violation of United States Code, Section 924(j),
interference with commerce by threats or violence, in violation of Title 18, United States Code,
Section 1951(a), the use of a firearm in furtherance of a crime of violence, in violation of Title
18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in
violation of Title 18, United States Code, Section 922(g)(1), and obstruction, in violation of Title
18, United States Code, Section 1512 and for aiding and abetting these crimes and serving as an
accessory after the act for these crimes, in violation of Title 18 United States Code Section 2; and
since January 10, 2013 through April 30, 201 and April 30, 2013 respectively, including, for
each account or identifier listed on Attachment A, information pertaining to the following
matters:

   a. The following communication and records from the account associated with telephone
      numbers for **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30,
      2013.

   b. Any and all information describing or identifying the subscriber to the account
      associated with telephone number for **SUBJECT CELLPHONES 1-10**

   c. Stored electronic or wire communications sent to or received by **SUBJECT
      CELLPHONES 1-10** including but not limited to picture messages, text messages and
      short message service (SMS) messages, GPS coordinates and/or specific latitude and
      longitude information, and emails; including dates, times, and connection methods

relating to violations and evidence of causing the death of a person through the use of a firearm, in violation of United States Code, Section 924(j), interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), the use of a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and obstruction, in violation of Title 18, United States Code, Section 1512 and for aiding and abetting these crimes and serving as an accessory after the act for these crimes, in violation of Title 18 United States Code Section 2 for the period of January 10, 2013 to April 30, 2013 on **SUBJECT CELLPHONES 1-10.**

d. Any and all call detail records for **SUBJECT CELLPHONES 1-10**, including any calls using the interconnect and direct connect functions, on **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30, 2013.

e. Any contact information, including but not limited to addresses and telephone numbers, existing, stored, or maintained for the account associated with telephone number for **SUBJECT CELLPHONES 1-10.**

f. Any and all communications constituting violations and evidence of causing the death of a person through the use of a firearm, in violation of United States Code, Section 924(j), interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), the use of a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section

922(g)(1), and obstruction, in violation of Title 18, United States Code, Section 1512

and for aiding and abetting these crimes and serving as an accessory after the act for

these crimes, in violation of Title 18 United States Code Section 2.



## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true arid correct. I am employed by _____ (Cellular

Telephone Company), and my official title is _____. I am a

custodian of records for _____ (Cellular Telephone Company). I state that each of the

records attached hereto is the original record or a true duplicate of the original record in the

custody of _____ (Cellular Telephone Company), and that I am the custodian of the

attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

   a.      all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

   b.      such records were kept in the ordinary course of a regularly conducted business

activity of _____ (Cellular Telephone Company); and

   c.      such records were made by _____ (Cellular Telephone Company) as a

regular practice.

_____     _____

Date                                 Signature

1  MELINDA HAAG (CABN 132612)
   United States Attorney

2  
3  J. DOUGLAS WILSON (DCBN 412811)
   Chief, Criminal Division

4  KATHRYN R. HAUN  (DCBN 484131)
   Assistant United States Attorney

5  
6  450 Golden Gate Avenue
   San Francisco, California  94102
   Telephone:  (415) 436-7200
7  Facsimile:  (415) 436-7234
   E-Mail: kathryn.haun@usdoj.gov

8  
   Attorneys for the United States of America
9  

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )
                                       )
14                                     )    **DECLARATION OF SPECIAL AGENT**
                                       )    **MEGAN LONG IN SUPPORT OF**
15       v.                            )    **UNITED STATES' MOTION FOR**
                                       )    **ORDER TO SHOW CAUSE FOR**
16  IN RE SEARCH THE CONTENT OF        )    **NONCOMPLIANCE WITH TWO**
    THE AN EMAIL ACCOUNT SERVICED)         **FEDERAL COURT ORDERS**
17  BY GOOGLE AND A PHONE NUMBER)
    SERVICED BY GOOGLE                 )
18                                     )    **UNDER SEAL**
                                       )
19  _____   )

20       I, ATF Special Agent Megan Long, declare as follows under penalty of perjury:

21  I am employed by the ATF as an ATF Special Agent since 2005 assigned to the San Francisco

22  Field Division.  I am currently investigating a Hobbs Act robbery and murder ("investigation")

23  that occurred on January 18, 2013.

24  1.  On March 27, 2013, I emailed Bandwidth regarding 707 682-9145 (and 3 other numbers) and

25  received an immediate response that the number belonged to Google Voice.  Google is a

26  wholesale customer of Bandwidth.  Google obtains numbers from Bandwidth for Google's use

27  and assignment to end users of Google Voice.  Google is therefore a customer of Bandwidth.

28  Google assigns Bandwidth numbers to their own customers/users and this is why any and all end

DECLARATION OF AGENT LONG              1

1   user/number utilization information must be obtained from Google.  707 682-9145 is a number

2   of particular significance in my investigation because that number placed and received over a

3   dozen phone calls and text messages with a telephone number associated with the murder suspect

4   in this case just hours before and after the murder.  There were over 100 communications

5   between this number and the number associated with the suspect during January 2013.

6   2.  On March 28, 2013, I faxed a grand jury subpoena to Google for four (4) numbers, to include

7   707 682-9145.  The subpoena sought subscriber and toll information and requested results on or

8   before April 22nd.

9   3.  On April 19, 2013, I received an email response from Google, stating that they did not have

10  any subscriber information for 707 682-9145.

11  4.  On May 1, 2013, I faxed a search warrant to Google for the content associated with 707

12  682-9145, with the results to be provided by the May 13, 2013 warrant date.

13  5.  On May 22, 2013, I sent an email to Google regarding the status of my search warrant.

14  Myself and an intelligence analyst assigned to the case have spent at least approximately 10

15  hours attempting to determine the company associated with the 707 682-9145 and trying to get

16  Google to comply with court orders and provide subscriber information and tolls for 707 682-

17  9145.  Google will not communicate with law enforcement via telephone, or provide any contact

18  phone numbers.  Rather, law enforcement must communicate with Google through an email

19  address of UsLawEnforcement@google.com.

20  6.  On May 29, 2013, I received a letter from Google stating they had no subscriber information

21  for the account and "therefore no responsive documents."  However, the warrant sought a much

22  broader category of content and documents than the subscriber information, and based on my

23  communications with Bandwidth, I have reason to doubt that Google conducted a search that

24  would retrieve all categories of information the warrant sought.

25  7.  On June 13, 2013, I received a response from Bandwidth showing the Google account was

26  active until at least April 2013.  Bandwidth also advised that it did not seem possible Google had

27  no responsive documents.  Bandwidth followed up with an email showing that even Bandwidth

28  had Call Detail Records for the January through April period, but that because it was a Google-

1  voice serviced number, only Google would have information the warrant sought, including
2  subscriber information.

3  8.  I believe the suspect went to a key witness's house in the aftermath of the robbery and
4  murder.  That witness has testified twice before the grand jury and recounted the suspect coming
5  to her house during the relevant timeframe in the middle of the night.  Given that she is a key
6  witness in the investigation, I, working with the U.S. Attorney's office, wrote multiple search
7  warrants for this witness's Facebook page, phone content, and email content.  I also wrote a
8  search warrant for her residence.  These warrants took considerable time to compile and obtain.
9  9. The witness has a gmail account serviced by Google.  An individual in the Federal public
10 defender's Office, Ruben Deang, represented that he had emailed the witness documents on the
11 gmail account address on or around May 8, 2013.  I include this fact not because I was seeking
12 Mr. Deang's communication, but rather because it suggests the gmail account received content in
13 May 2013.

14 10. On May 8, 2013, the witness provided the same gmail email address to law enforcement as
15 being her email account.

16 11. On May 29, 2013, I sent an email to Google regarding the legal language necessary in order
17 to ensure I received all the information I needed for the investigation.  In the email I requested a
18 contact phone number to speak to someone in subpoena compliance.  On June 3rd Google
19 responded with a website for government agencies to reference and to send legal processes via
20 email or fax, and no telephone number to contact with questions.

21 12.  On May 30, 2013, I obtained a search warrant for the content and other information for the
22 witness's gmail account.  During that day I was working with grand jury witnesses in this
23 investigation all day, and the ATF's scanner was down.  Therefore on May 31, 2013, I served the
24 search warrant on Google.  Because of the issues I had with Google's noncompliance with the
25 earlier search warrant, I included a cover letter that AUSA Haun drafted noting that this warrant
26 required compliance by June 10, 2013 as ordered by the Court.  This date was selected in part to
27 provide adequate time in which to obtain and review the content of this witnesses email account
28 before she came to testify before the grand jury again on June 13, 2013.

DECLARATION OF AGENT LONG                    3

1    13.  On June 11, 2013, I advised AUSA Haun that I had received no response to this latest

2    warrant. I was present when AUSA Haun consulted with supervisors in her office on the matter

3    and am aware that AUSA Haun thereafter drafted a letter to Google dated June 12, 2013 seeking

4    compliance.

5    14.  I listened to a voicemail message from Google from the evening of June 12, 2013 in which

6    a Google Legal Support representative stated that the request was in a queue, that normally

7    Google processed these requests in the order received, but that given the time sensitivity they

8    would expedite it and provide the documents for delivery June 14, 2013. The witness was

9    scheduled to testify, and did testify, on June 13.

10   15.  Thereafter, AUSA Haun and I conferred and determined that Google's voicemail reply did

11   not address the situation. AUSA Haun thereafter sent a follow-up email the next morning asking

12   that the matter be elevated to a supervisor and for a return call. No reply was received.

13   16.  On June 14, 2013, I received a cd from Google. I have reviewed these results, and they

14   show no email content or any other content the warrant sought. The cd contains a series of dates

15   and times the gmail account was accessed.

16   17. I am aware that the issues I have had obtaining Google's compliance with these warrants are

17   not unique and am aware that other law enforcement personnel have had similar issues with

18   Google.

19

20       I declare under penalty of perjury that the forgoing is true and correct and was signed in the

21   presence of the witness identified below.

22       Executed this $\underline{26}$ day of June 2013

AGENT MEGAN LONG

23   ATF

24

25   Witness

Jacquelyn Lovrin

26

27

28

DECLARATION OF AGENT LONG              4

3



Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043

USLawEnforcement@google.com
fax: 650-249-3429
www.google.com

May 29, 2013

*Via Email Only*
*megan.long@atf.gov*

Special Agent Megan Long
ATF
450 Golden Gate Ave, 15-111
San Francisco, California 94102

**Re: Search Warrant dated April 30, 2013 (Internal Ref. No. 63115-320649)**

Dear Special Agent Long:

Pursuant to the Search Warrant issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

After a diligent search and reasonable inquiry, we have found no subscriber information for any Google Voice account-holder(s) identified as *7076829145*. Therefore, we do not have documents responsive to your request.

Regards,

Despina Fafoutis
Google Legal Investigations Support

4

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) Case No. | $8 \cdot 13 - 70614$ |
| The content as described in Attachment A-B for the | ) | |
| email account lilbeyonna4.de@gmail.com | ) | |
| | ) | |

## SEARCH AND SEIZURE WARRANT

SEALED
BY COURT ORDER

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

The content further described in Attachment A and Attachment B

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the
property to be seized)*:

The content further described in Attachment A and Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 10, 2013_____
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.      ☐ at any time in the day or night as I find reasonable cause has been
established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property
taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Joseph C. Spero
_____
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay
of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be
searched or seized *(check the appropriate box)*    ☐ for _____ days *(not to exceed 30)*.
                                                    ☐ until, the facts justifying, the later specific date of _____.

11 am
Date and time issued:    05/30/2013 @:00 am _____    _____
                                                              *Judge's signature*

City and state:    San Francisco, California _____    Hon. Joseph C. Spero
                                                         *Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF ITEM TO BE SEARCHED

A copy of the search warrant shall be served by facsimile or electronic mail to Google, headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043, which shall conduct the search for wire and electronic communications in electronic storage for the following email account (the "**SUBJECT EMAIL/D. Ellis**"), by producing FORTHWITH the information described below in Attachment B for the following **SUBJECT EMAIL/D.Ellis**.

   a.  Lilbeyonna4.de@gmail.com

## ATTACHMENT B

### INFORMATION TO BE SEARCHED AND SEIZED

#### I. Information to be disclosed by Google:

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Google is required to disclose the following information to the government for the account listed in Attachment A:

a. The contents of all emails stored in the account that were drafted, sent or received between January 1, 2013 through the present, including copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures and files;

d. All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken.

#### II. Information to be seized by the government:

All information described above in Section I that constitute fruits, evidence and instrumentalities of causing the death of a person through the use of a firearm, in violation of United States Code, Section 924(j), interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), the use of a firearm in furtherance of a crime of violence, conspiracy to commit same, in violation of Title 18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in violation of Title 18, United

States Code, Section 922(g)(1), and obstruction and witness intimidation, in violation of Title 18, United States Code, Section 1512 and for aiding and abetting these crimes and serving as an accessory after the fact for these crimes, in violation of Title 18 United States Code Section 2, to wit:

1) any and all communications such as text message content, call logs, device type and IP addresses relating to the planning, commission, or cover up of the robbery and murder at the Mount Konocti Gas & Mart on January 18, 2013, or relating to any instrumentalities used to commit or facilitate those crimes

2) any and all pictures/photographs, audio files, videos, or messages relating to the robbery and murder at the Mount Konocti Gas & Mart on January 18, 2013, including any material that relates to the planning, commission, or cover up of such crimes

3) any and all communications and any and all pictures/photographs, audio files, videos, or messages relating to the destruction of evidence and potential intimidation of witnesses or obstruction of justice concerning the investigation into Jonathan MOTA and Christopher Knight and Dawn Ellis.

## ATTACHMENT C
## PROCEDURE FOR CONDUCTING SEARCH

### 1.    Procedure for Conducting Search

Law enforcement personnel will review the information stored in the accounts and files received
from Google employees and then identify and copy the information contained in those
accounts and files which are authorized to be further copied by this search warrant as specified in
Attachment B. Law enforcement personnel will then seal the original duplicate of the accounts
and files received from Google and will not further review the original duplicate absent
an order of the Court. Agents will complete this process within 60 days of the issuance of the
search warrant, unless there is a further order of the Court extending this period of time.

### 2.    Sealing and Non Disclosure

Google is hereby ordered not to disclose the existence of this search warrant and any document
relating to this search warrant to anyone other than Special Agents of Bureau of Alcohol,
Tobacco, Firearms, and Explosives and other law enforcement officers.



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

| | |
|---|---|
| *11ᵗʰ Floor, Federal Building* | *(415)436-7200* |
| *450 Golden Gate Ave., Box 36055* | *FAX: (415) 436-7234* |
| *San Francisco, CA 94102-3495* | |

May 31, 2013

VIA EMAIL
Google
Supervisor, Court Orders Department

      Re:    Search warrant for Gmail serviced account
               Case No: 3-413-70614 JCS

Dear Sir or Madam:

     Attached please find a federal search warrant for Google/Gmail.  This search warrant, a Court Order, requires Google's compliance on or before June 10, 2013.

     The last Court Order in this investigation that was served upon Google was not timely complied with.

     I write to highlight that the Court has given Google/Gmail until **June 10, 2013** to comply with this Order.

     I trust that Google will comply with that date given that this is a date set by the Court, not by the government, and that this investigation involves a murder.  Special Agent Megan Long is available for any questions you may have concerning the contents of this Order.  She may be reached at Megan.Long@atf.gov.

     Please contact me at (415) 436-6740 if you have any questions concerning the foregoing.

                Sincerely,

                /s/

                KATHRYN HAUN
                Assistant United States Attorney





**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*11th Floor, Federal Building*          *(415)436-7200*
*450 Golden Gate Ave., Box 36055*       *FAX: (415) 436-7234*
*San Francisco, CA 94102-3495*

June 12, 2013

**URGENT AND CONFIDENTIAL GIVEN SEALED COURT ORDER**

VIA EMAIL, U.S. MAIL, AND FACSIMILE
Google Inc.
Attn: Supervisor, U.S. Law Enforcement
Attn: Supervisor, Director of Operations and Legal Support
1600 Amphitheatre Parkway
Mountain View, CA 94043

> Re:  Noncompliance with Court Orders for Gmail serviced account and Google
>      Voice Serviced Phone
>      Case No: 3-13-70614 JCS **(SEALED)**
>      Case No: 3-13-70493 NC

Dear Sir or Madam:

This letter is to advise you of Google's non-compliance with two federal Court Orders.

Attached please find a May 30, 2013 federal Search Warrant for Google for information relating to a Gmail account. See Attachment A. That search warrant, a Court Order, required Google's compliance on or before June 10, 2013. Also attached please find a letter from the government regarding the same highlighting that the Court ordered Google's compliance with its Order no later than June 10, 2013. See Attachment B. As of today, June 12, 2013, the government has not received any communication or documents from Google concerning this matter and therefore believes Google is in noncompliance with a Court Order.

The last Court Order in this investigation that was served upon Google, another federal Search Warrant dated April 30, 2013 and requiring Google's response by May 13, 2013, see Attachment C, was also not timely complied with. In particular, Google responded May 29, 2013, nearly two weeks after the Court-ordered deadline, that it had found no subscriber information and therefore had no responsive documents. See Attachment D. Aside from being late, the government has cause to believe Google's response is incorrect: Yesterday the government reconfirmed with Bandwidth that Google Voice serviced the number at issue in the April 30, 2013 warrant during the relevant timeframe of January through April 2013 and that the number was active during that timeframe. Given that the April 30, 2013 warrant was not limited to subscriber information, and in fact sought categories of other data that would be in Google's

Letter to Google Re: Non-Compliance with Court Orders
Page Two

possession given that the number was active during the relevant timeframe, we would ask
Google to conduct another search for that information.

We would like to avoid having to unnecessarily involve the Court concerning Google's
repeated noncompliance with the Court's orders in this matter. To that end, would you please
have someone within your organization contact us today to arrange for a timeframe for
compliance? I may be reached at (415) 436-6740 or Special Agent Megan Long may be reached
at (415) 286-1139. If we do not hear back from Google, the government intends to file a Motion
for an Order to Show Cause with the Court regarding what it views as noncompliance with the
courts orders.

We hope to hear from you as soon as possible. Note that at least one of the Court Orders
addressed in this letter is sealed by Court Order and, as such, ask that you treat our letter and
attachments accordingly.

Sincerely,

KATHRYN HAUN
Assistant United States Attorney

Enclosures:   Attachment A (May 30, 2013 Search Warrant)
              Attachment B (Cover letter of May 30, 2013)
              Attachment C (April 30, 2013 Search Warrant)
              Attachment D (Google's response to April 30, 2013 Warrant)

# ATTACHMENT A

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. |
| The content as described in Attachment A-B for the email account lilbeyonna4.de@gmail.com | ) ) ) | $3 \cdot 13 - 70614$ |

## SEARCH AND SEIZURE WARRANT

SEALED
BY COURT ORDER

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the          Northern          District of          California          *(identify the person or describe the property to be searched and give its location)*:

The content further described in Attachment A and Attachment B

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

The content further described in Attachment A and Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before          June 10, 2013          
                                                                                                                        *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.          ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Joseph C. Spero                                                                                 .
                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for          days *(not to exceed 30)*.

                                                        ☐ until, the facts justifying, the later specific date of          .

Date and time issued:     05/30/2013 9:00 am  11 am          _____
                                                                                                 *Judge's signature*

City and state:     San Francisco, California          _____
                                                                                Hon. Joseph C. Spero
                                                                                *Printed name and title*

## ATTACHMENT A

### · DESCRIPTION OF ITEM TO BE SEARCHED

A copy of the search warrant shall be served by facsimile or electronic mail to Google,
headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043, which shall conduct
the search for wire and electronic communications in electronic storage for the following email
account (the "**SUBJECT EMAIL/D. Ellis**"), by producing FORTHWITH the information
described below in Attachment B for the following **SUBJECT EMAIL/D.Ellis**.

     a. Lilbeyonna4.de@gmail.com

## ATTACHMENT B

### INFORMATION TO BE SEARCHED AND SEIZED

**I. Information to be disclosed by Google:**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Google is required to disclose the following information to the government for the account listed in Attachment A:

a. The contents of all emails stored in the account that were drafted, sent or received between January 1, 2013 through the present, including copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures and files;

d. All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken.

**II. Information to be seized by the government:**

All information described above in Section I that constitute fruits, evidence and instrumentalities of causing the death of a person through the use of a firearm, in violation of United States Code, Section 924(j), interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), the use of a firearm in furtherance of a crime of violence, conspiracy to commit same, in violation of Title 18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in violation of Title 18, United

States Code, Section 922(g)(1), and obstruction and witness intimidation, in violation of Title 18, United States Code, Section 1512 and for aiding and abetting these crimes and serving as an accessory after the fact for these crimes, in violation of Title 18 United States Code Section 2, to wit:

1) any and all communications such as text message content, call logs, device type and IP addresses relating to the planning, commission, or cover up of the robbery and murder at the Mount Konocti Gas & Mart on January 18, 2013, or relating to any instrumentalities used to commit or facilitate those crimes

2) any and all pictures/photographs, audio files, videos, or messages relating to the robbery and murder at the Mount Konocti Gas & Mart on January 18, 2013, including any material that relates to the planning, commission, or cover up of such crimes

3) any and all communications and any and all pictures/photographs, audio files, videos, or messages relating to the destruction of evidence and potential intimidation of witnesses or obstruction of justice concerning the investigation into Jonathan MOTA and Christopher Knight and Dawn Ellis.

## ATTACHMENT C
## PROCEDURE FOR CONDUCTING SEARCH

### 1. Procedure for Conducting Search

Law enforcement personnel will review the information stored in the accounts and files received
from Google employees and then identify and copy the information contained in those
accounts and files which are authorized to be further copied by this search warrant as specified in
Attachment B. Law enforcement personnel will then seal the original duplicate of the accounts
and files received from Google and will not further review the original duplicate absent
an order of the Court. Agents will complete this process within 60 days of the issuance of the
search warrant, unless there is a further order of the Court extending this period of time.

### 2. Sealing and Non Disclosure

Google is hereby ordered not to disclose the existence of this search warrant and any document
relating to this search warrant to anyone other than Special Agents of Bureau of Alcohol,
Tobacco, Firearms, and Explosives and other law enforcement officers.

# ATTACHMENT B



## U.S. Department of Justice

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*                    *(415)436-7200*
*450 Golden Gate Ave., Box 36055*          *FAX: (415) 436-7234*
*San Francisco, CA 94102-3495*

May 31, 2013

VIA EMAIL
Google
Supervisor, Court Orders Department

> Re:   Search warrant for Gmail serviced account
>        Case No: 3-413-70614 JCS

Dear Sir or Madam:

Attached please find a federal search warrant for Google/Gmail.  This search warrant, a Court Order, requires Google's compliance on or before June 10, 2013.

The last Court Order in this investigation that was served upon Google was not timely complied with.

I write to highlight that the Court has given Google/Gmail until **June 10, 2013** to comply with this Order.

I trust that Google will comply with that date given that this is a date set by the Court, not by the government, and that this investigation involves a murder.  Special Agent Megan Long is available for any questions you may have concerning the contents of this Order.  She may be reached at Megan.Long@atf.gov.

Please contact me at (415) 436-6740 if you have any questions concerning the foregoing.

Sincerely,

/s/

KATHRYN HAUN
Assistant United States Attorney

# ATTACHMENT C

AO 93 (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | *MAG* |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. 1 3   7 0 4 9 3 |
| | ) | |
| The content as described in Attachments [A5]-[B] for the | ) | |
| account assoc w/phone number (707)682-9145; | ) | |
| Bandwith or Google or other service provider | ) | *NC* |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____Northern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:
The content further described in Attachments [A5]-[B].

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the
property to be seized)*:
The content further described in Attachments [A5]-[B].

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

YOU ARE COMMANDED to execute this warrant on or before     ___May 13 2013___
                                                                                                           *(not to exceed 10 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been
                                                                          established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property
taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
___JF Duy___
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay
of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be
searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
                                                                          ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   ___4/30/2013 4:30 p.m.___          ___[signature]___
                                                                                                      *Judge's signature*

City and state:   ___San Francisco, CA___          ___Honorable Nathanael Cousins___
                                                                                        *Printed name and title*

## ATTACHMENT A-5

This warrant applies to information associated with the following number:

- (707) 682-9145 (SUBJECT CELLPHONE 7/Unk. Subscriber)

that is stored at premises owned, maintained, controlled, or operated by Bandwith, a wireless provider headquartered at 900 Main Campus Drive, Venture III -- 5th Floor, Raleigh, North Carolina, 27606; or Google Voice, a wireless provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California, 94043 and any other cellular telephone company deemed to have serviced these accounts for the relevant timeframe.

## ATTACHMENT B

### PARTICULAR ITEMS TO BE SEARCHED AND SEIZED

I. **Information to be disclosed by Cellular Telephone Companies: Verizon Wireless, US Cellular, Metro PCS, TracFone, Bandwith, Google Voice, and any other cellular telephone company deemed to have serviced these accounts for the relevant timeframe of January 10, 2013 to April 30, 2013:**

To the extent that the information described in Attachment A1- A-5 is within the possession, custody, or control of the Cellular Telephone Companies, including any messages, records, files, logs, or information that have been deleted but are still available to the Cellular Telephone Companies or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Cellular Telephone Companies are required to disclose the following information to the government for each account or identifier listed in Attachments A1-A5:

a.    All voice mail, text, and multimedia messages stored and presently contained in, or on behalf of the account or identifier;

b.    All existing printouts from original storage of all of the text messages described above;

c.    All transactional information of all activity of the telephones and/or voicemail accounts described above, including log files, messaging logs, local and long distance telephone connection records, records of session times and durations, dates and times of connecting, methods of connecting, telephone numbers associated with outgoing and incoming calls, cell towers used, and/or locations used by SUBJECT CELLPHONES 1-10 from January 10, 2013 to April 30, 2013;

d.      All text messaging logs, including date and time of messages, and identification
numbers associated with the handsets sending and receiving the message;

e.      All business records and subscriber information, in any form kept, pertaining to
the individual accounts and/or identifiers described above, including subscribers' full names,
addresses, shipping addresses, date account was opened, length of service, the types of service
utilized, ESN (Electronic Serial Number) or other unique identifier for the wireless device
associated with the account, Social Security number, date of birth, telephone numbers, and other
identifiers associated with the account;

f.      Detailed billing records, showing all billable calls including outgoing digits on
**SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30, 2013;

g.      All payment information, including dates and times of payments and means and
source of payment (including any credit or bank account number), **SUBJECT CELLPHONES
1-10** from January 10, 2013 to April 30, 2013;

h.      Incoming and outgoing telephone numbers, **SUBJECT CELLPHONES 1-10**
from January 10, 2013 to April 30, 2013;

i.      All records indicating the services available to subscribers of individual accounts
and/or identifiers described above;

j.      All records pertaining to communications between Cellular Telephone Companies
and any person regarding the account or identifier, including contacts with support services and
records of actions taken;

k.    All records indicating GPS coordinates, and/or specific latitude and longitude

information.

## II. Information to be Searched and Seized by the Government

All information described above in Section I that constitute fruits, evidence of causing the death

of a person through the use of a firearm, in violation of United States Code, Section 924(j),

interference with commerce by threats or violence, in violation of Title 18, United States Code,

Section 1951(a), the use of a firearm in furtherance of a crime of violence, in violation of Title

18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in

violation of Title 18, United States Code, Section 922(g)(1), and obstruction, in violation of Title

18, United States Code, Section 1512 and for aiding and abetting these crimes and serving as an

accessory after the act for these crimes, in violation of Title 18 United States Code Section 2; and

since January 10, 2013 through April 30, 201 and April 30, 2013 respectively, including, for

each account or identifier listed on Attachment A, information pertaining to the following

matters:

- a.  The following communication and records from the account associated with telephone
     numbers for **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30,
     2013.

- b.  Any and all information describing or identifying the subscriber to the account
     associated with telephone number for **SUBJECT CELLPHONES 1-10**

- c.  Stored electronic or wire communications sent to or received by **SUBJECT**
     **CELLPHONES 1-10** including but not limited to picture messages, text messages and
     short message service (SMS) messages, GPS coordinates and/or specific latitude and
     longitude information, and emails; including dates, times, and connection methods

relating to violations and evidence of causing the death of a person through the use of a firearm, in violation of United States Code, Section 924(j), interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), the use of a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and obstruction, in violation of Title 18, United States Code, Section 1512 and for aiding and abetting these crimes and serving as an accessory after the act for these crimes, in violation of Title 18 United States Code Section 2 for the period of January 10, 2013 to April 30, 2013 on **SUBJECT CELLPHONES 1-10**.

d. Any and all call detail records for **SUBJECT CELLPHONES 1-10**, including any calls using the interconnect and direct connect functions, on **SUBJECT CELLPHONES 1-10** from January 10, 2013 to April 30, 2013.

e. Any contact information, including but not limited to addresses and telephone numbers, existing, stored, or maintained for the account associated with telephone number for **SUBJECT CELLPHONES 1-10**.

f. Any and all communications constituting violations and evidence of causing the death of a person through the use of a firearm, in violation of United States Code, Section 924(j), interference with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951(a), the use of a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c), the possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section

922(g)(1), and obstruction, in violation of Title 18, United States Code, Section 1512
and for aiding and abetting these crimes and serving as an accessory after the act for
these crimes, in violation of Title 18 United States Code Section 2.

~~g.    Existing printouts from original storage of the information described in Section III(A)~~
~~above, and~~



~~h.    All of the records and information described above in Sections II. G. through II.E~~

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by _____ (Cellular Telephone Company), and my official title is _____ _____. I am a custodian of records for _____ (Cellular Telephone Company). I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of _____ (Cellular Telephone Company), and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b. such records were kept in the ordinary course of a regularly conducted business activity of _____ (Cellular Telephone Company); and

c. such records were made by _____ (Cellular Telephone Company) as a regular practice.

_____          _____
Date                                     Signature

# ATTACHMENT D



Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043

U.S.LawEnforcement@google.com
Fax: 650-249-3429
www.google.com

May 29, 2013

*Via Email Only*
*megan.long@atf.gov*

Special Agent Megan Long
ATF
450 Golden Gate Ave, 15-111
San Francisco, California 94102

**Re: Search Warrant dated April 30, 2013 (Internal Ref. No. 63115-320649)**

Dear Special Agent Long:

Pursuant to the Search Warrant issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq.

After a diligent search and reasonable inquiry, we have found no subscriber information for any Google Voice account-holder(s) identified as *7076829145*. Therefore, we do not have documents responsive to your request.

Regards,

Despina Fafoutis
Google Legal Investigations Support